Justice ROBINSON,
dissenting.
While I have genuine respect for my colleagues and their reasoning with respect to this difficult case, my own thoughts about the underlying principles of law have not changed from those which I articulated in my dissent three years ago in Wheeler v. Encompass Insurance Co., 66 A.3d 477 (R.I.2013), a case which the majority in this case describes as involving “an issue remarkably 'similar to the one now before us * * *.”
In my judgment, the one-sentence Stipulation between the parties that is referred to in the majority opinion leads directly to what I believe should be the proper analytical approach to this case. That Stipulation reads as follows:
“The parties hereby agree that the above action, including but not limited to [defendant's obligation to file an answer .to the complaint, shall be stayed pending the parties participation in [arbitration pursuant to the terms of the plaintiffs [uninsured motorist policy.”,
By virtue of the presence in the Stipulation of the words “pursuant to the terms of the plaintiffs [unjinsured motorist policy,” it is clear to me that the arbitration at issue sprang from and ultimately required a return to the contract of insurance. See State Department of Corrections v. Rhode Island Brotherhood of Correctional Officers, 866 A.2d 1241, 1247 (R.I.2005) (stating that “[arbitration is a creature of the contract between the parties”). In my view, it is critical to keep in mind that, from the beginning, a contract existed'— viz., the contract of insurance between Mr. Lemerise’s mother-and The Commerce Insurance Company (Commerce). That contract never ceased to exist at any pertinent time; and, like all contracts, it defined the parameters of the rights and responsibilities of the insured and the insurer. Once Mr. Lemerise and Commerce found them-' selves unable to reach agreement as to what, amount Commerce should pay Mr. Lemerise in view of his injuries, the parties resorted to arbitration for that issue to be determined. As such, the arbitration was chronologically subsequent to and ancillary to the pre-existing contract. The arbitrator’s role was to determine what amount would represent compensation to Mr. Lemerise with respect to his injuries; but the arbitrator had no authority to, in effect, rewrite the contract. Once he determined that $150,000 represented fair and reasonable compensation for the injuries, his role was at an end. It is my opinion that, at that point, there should have been a return to the terms of the contract of insurance in the context of the .still-pending, Superior Court action. .That contract of insurance explicitly limits the amount which the insurer was required to pay; under the contract, there should have been a payment of $100,000 to Mr. Lemerise from Commerce. But, in my judgment, Commerce had no obligation to pay the balance of the amount calculated by the arbitrator — because the contract imposed no such obligation on it. My view is that the contract of insurance (which no one has characterized- as ambiguous) is self-limiting: it contains an express limitation on the amount to which the insured is entitled even in the worst-case scenario. I recall the ancient adage: “pacta sunt ser-vanda ” (agreements ought to be adhered to).
I will not go on at length. I recognize that the majority largely rests its opinion on the Wheeler case. I dissented there; I have given a good deal of further thought to this difficult issue, but I remain convinced that the analytical approach which I *706 sketched in Wheeler was correct. Accordingly, I once again respectfully dissent.

APPENDIX

STATE OF RHODE ISLAND NEWPORT, SC
JOSEPH LEMERISE
v.
THE COMMERCE INSURANCE COMPANY
SUPERIOR COURT
C.A. NO.: NC13-0297

STIPULATION

The parties hereby agree that the above action, including but not limited to Defendant’s obligation to file an answer to the complaint, shall be stayed pending the parties participation in Arbitration pursuant to the terms of the plaintiffs underinsured motorist policy.
/s/ Jennifer M. Ghringer, Esq.
Jennifer M. Ghringer, Esq.
Vincent D. Morgera, Ltd.
One Turks Head Place, Suite 1110
Providence, RI 02903

Counsel for Plaintiff, Joseph Lemerise

/s/ Mark T. Nugent
Mark T. Nugent, # 2637
/s/ Amanda R. Prosek
Amanda R. Prosek, # 7677
Morrison Mahoney LLP
10 Weybosser Street, Suite 900
Providence, RI 02903-7141

Counsel for Defendant The Commerce Insurance Company

Dated: 9/19/13